# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 15-1166V
### Filed: August 31, 2021
UNPUBLISHED

| | |
|---|---|
| RICHARD C. ZUG and LAURA C. ZUG, on behalf of T.E.Z.<br><br>                     Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                     Respondent. | Joint Stipulation on Damages; Diphtheria Tetanus Acellular Pertussis ("DTaP"); Gastroparesis |

*John Alan Jones, Matrin & Jones, PLLC, Raleigh, NC, for petitioner.*
*Camille Collett, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

On October 9, 2015, petitioners filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that T.E.Z. suffered from gastroparesis as a result of his October 12, 2012 diphtheria tetanus acellular pertussis ("DTaP") vaccination. Petition at 1; Stipulation, filed August 31, 2021, at ¶ 4. Petitioners further allege that T.E.Z. has experienced residual effects of his alleged injury for longer than six months and that they have never received compensation in the form of an award or settlement of a civil action for damages for his vaccine-related injury. Petition at 4; Stipulation at ¶¶ 4-5. "Respondent denies that the vaccine caused T.E.Z. to suffer from gastroparesis or any other injury or his current condition." Stipulation at ¶ 6.

Nevertheless, on August 31, 2021, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation. I find the stipulation

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, it will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. *See* 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information the disclosure of which would constitute an unwarranted invasion of privacy. If the special master, upon review, agrees that the identified material fits within this definition, it will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

reasonable and adopt it as the decision of the Court in awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award the following compensation:**

- A lump sum of $270, 045.99 in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of T.E.Z. for the benefit of T.E.Z.  Stipulation at ¶ 8.  This amount represents compensation for first year life care expenses ($75,045.99) and pain and suffering ($195,000.00).  *Id.*  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of T.E.Z.'s estate.  *Id.*

- A lump sum of $37, 883.20, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Richard C. Zug and Laura C. Zug. *Id.*

- A lump sum of $105, 177.96, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of T.E.Z., in for the form of a check payable jointly to petitioners and the North Carolina Division of Health Benefits, and mailed to:

  > Office of the Controller
  > 2022 Mail Service Center
  > Raleigh, NC 27699-2022
  > Case Number: 25816

  Petitioners agree to endorse this check to the North Carolina Division of Health Benefits. *Id.*

- An amount sufficient to purchase the annuity contract described in paragraph 10 of the attached Stipulation, paid to the life insurance company from which the annuity will be purchased. *Id.*

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICHARD C. ZUG and LAURA C. ZUG, )<br>on behalf of TEZ, )<br> )<br>Petitioners, )<br> )<br>v. )<br> )<br> )<br>SECRETARY OF HEALTH )<br>AND HUMAN SERVICES, )<br> )<br>Respondent. )<br> ) | No. 15-1166V<br>Special Master Daniel Horner<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, TEZ, petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to TEZ's receipt of the diphtheria-tetanus-acellular pertussis ("DTaP") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. TEZ received his immunization on October 12, 2012.[1]

3. The vaccine was administered within the United States.

4. Petitioners allege that TEZ suffered from gastroparesis as a result of receiving the vaccine, and that he experienced the residual effects of this injury for more than six months.

---

[1] He received multiple vaccines on this date, including hepatitis B, haemophilus influenzae type B, influenza, inactivated poliovirus, pneumococcal conjugate, and rotavirus. No claims were made with respect to these vaccines.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of TEZ as a result of his condition.

6. Respondent denies that the vaccine caused TEZ to suffer from gastroparesis or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $270,045.99, which amount represents compensation for first year life care expenses ($75,045.99), pain and suffering ($195,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of TEZ for the benefit of TEZ. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as guardian(s)/conservator(s) of TEZ's estate;

   b. A lump sum of $37,883.20, which amount represents compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Richard C. Zug and Laura C. Zug;

   c. A lump sum of $105,177.96, which amount represents reimbursement of a Medicaid lien for services rendered on behalf of TEZ, in the form of a check payable jointly to petitioners and the North Carolina Division of Health Benefits, and mailed to:

Office of the Controller
2022 Mail Service Center
Raleigh, NC 27699-2022
Case Number: 258616

Petitioners agree to endorse this check to the North Carolina Division of Health Benefits.

d. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of TEZ, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioners, as the court-appointed guardian(s)/conservator(s) of the estate of TEZ for the following items of compensation:

a. For future unreimbursable Insurance Premium expenses, beginning on the anniversary of the date of judgment in year 2034, an annual amount of $981.00 to be paid up to the anniversary of the date of judgment in year 2038, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

b. For future unreimbursable Health Insurance Maximum-out-of-Pocket and Prescription Insurance Maximum-Out-Of-Pocket expenses, beginning on the first anniversary of the date of judgment, an annual amount of $4,500.00 to be paid up to the anniversary of the date of judgment in year 2038. Then, beginning on the anniversary of the date of judgment in year 2038, an annual amount of $6,750.00 to be paid up to the anniversary of the date of judgment in year 2077, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

3

c. For future unreimbursable Medicare Part B Deductible expenses, beginning on the anniversary of the date of judgment in year 2077, an annual amount of $203.00 to be paid for the remainder of TEZ's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Medigap and Medicare Part D expenses, beginning on the anniversary of the date of judgment in year 2077, an annual amount of $2,524.42 to be paid for the remainder of TEZ's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Case Manager and Backpack for Feeding Equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,225.00 to be paid up to the anniversary of the date of judgment in year 2031. Thereafter, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $325.00 to be paid for the remainder of TEZ's life, all amounts increasing at the rate of three percent (3%), compounded annually from the date of judgment.

f. For future unreimbursable Star Clinic Feeding Therapy expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,950.00 to be paid up to the anniversary of the date of judgment in year 2029, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

g. For future unreimbursable Certified Nursing Assistant expenses, beginning on the first anniversary of the date of judgment, an annual amount of $65,520.00 to be paid up to the anniversary of the date of judgment in year 2029, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

h. For future unreimbursable Probiotic, Liquigen, Ducocal, and Liquid Vitamin expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,400.99 to be paid for the remainder of TEZ's life, increasing at the rate of three percent (3%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments may be provided to the petitioners in monthly, quarterly, annual, or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to the petitioners and do not require that the payment be made in one annual installment. The petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as TEZ is alive at the time that a particular payment is due. Written notice to the Secretary of Health and Human

Services, and the Life Insurance Company shall be provided within twenty (20) days of TEZ's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

5

14.  Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of TEZ as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16.  Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of TEZ's estate under the laws of the State of North Carolina.  No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of TEZ's estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of TEZ at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of TEZ upon submission of written documentation of such appointment to the Secretary.

17.  In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of TEZ, on behalf of themselves, TEZ, and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of TEZ resulting from, or alleged to have resulted from the vaccinations administered on October 12, 2012, as alleged by petitioners in a petition for vaccine compensation filed on or about October 9, 2015, in the United States Court of Federal Claims as petition No. 15-1166V.

18.  If TEZ should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20.  This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21.  Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccine caused TEZ to suffer from gastroparesis or any other injury or condition.

23.  All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of TEZ

END OF STIPULATION

Respectfully submitted.

PETITIONER:

RICHARD C. ZUG

PETITIONER:

LAURA C. ZUG

ATTORNEY OF RECORD FOR
PETITIONERS:

JOHN ALAN JONES, ESQ.
MARTIN & JONES, PLLC
4140 Parklake Avenue, Suite 400
Raleigh, NC 27612
Tel: (919) 897-7501
E-mail: jaj@m-j.com

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

Dale Mishler, DHSc, MS, APRN, for
TAMARA OVERBY
Acting Director, Division of Injury
  Compensation Programs
Healthcare Systems Bureau
Health Resources and Services
  Administration
U.S. Department of Health
  and Human Services
5600 Fishers Lane, 08N146B
Rockville, MD 20857

Dated: __08/31/2021__

AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

Camille M Collett
by Heather Pearl

CAMILLE M. COLLETT
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4098
E-mail: Camille.M.Collett@usdoj.gov